Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| SUCESIÓN DE NICASIO MANZANO ROMERO, ET AL<br>Recurridos<br><br>v.<br><br>HERIBERTA BURGOS RIVERA<br>Peticionaria | TA2025CE00747 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.:<br>NSCI200400462<br><br>Sobre:<br>Reivindicación de Propiedad y Nulidad de Sentencia |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y el Juez Campos Pérez

**Ortiz Flores, Jueza Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de diciembre de 2025.

Comparece ante este Tribunal de Apelaciones la señora Heriberta Burgos Rivera (Sra. Burgos Rivera; peticionaria) mediante el presente recurso de *certiorari* y nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI) el 22 de septiembre de 2025 y notificada el día siguiente 23 de septiembre de 2025.

Adelantamos que por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari*.

**I**

El caso traído nuevamente ante nuestra consideración tuvo su génesis hace más de veinte años atrás, en el año 2004. No obstante, la controversia ante nos surge a partir de la decisión emitida en aras de ponerle finalidad al presente. Dicha *Sentencia Enmendada Duplicada* fue emitida el 13 de diciembre de 2023 donde se resolvió que el inmueble situado en el Municipio de Vieques y objeto de la controversia es propiedad de Eutemia Camareno y la sucesión de su excónyuge, el señor Isabelo

Romero (en conjunto, recurridos).[1] No obstante, el terreno donde la propiedad se encuentra edificada es propiedad de la señora Heriberta Burgos Rivera (Sra. Burgos Rivera) y la sucesión de su excónyuge, el señor Domingo Nieves. Al respecto, el TPI dictaminó lo siguiente:

> [T]iene doña Heriberta Burgos y los herederos de don Domingo Nieves unos 45 días para abonar a doña Eutemia Camareno y la sucesión de Isabelo Rivera el importe de $414,854.00 que es el costo actual de reproducir la casa de Montesanto, si es que desean consolidar el título de su terreno con el de la construcción. Expirado dicho término sin que se hubiese recibido dicho pago tendrá dona Eutemia Camareno y la sucesión de Isabelo Rivera unos 30 días para abonar a Heriberta Burgos y los herederos de Domingo Nieves el importe de $162,450.00 que es el costo actual del terreno donde ubica la casa para consolidar el título del terreno y la construcción. De no darse ninguno de los dos supuestos anteriores, la casa será puesta a la venta por un valor de $500,000.00 o más, y el valor distribuido en las porciones que le correspondan a cada dueño o heredero.

Sin embargo, a la cantidad de $162,450.00 se le restó $93,500.00 por concepto de rentas dejadas de percibir por el periodo de diciembre de 2015 al septiembre de 2023. Por lo que el importe final que debían abonar los designados dueños de la propiedad era un total de $68,950.00. Luego de la presentación de un recurso apelación,[2] dicha *Sentencia Enmendada Duplicada* **advino final y firme el 22 de agosto de 2024, fecha en la que se emitió el Mandato de esta**.[3]

Así las cosas, el 13 de septiembre de 2024, los recurridos presentaron una *Moción Sobre Ejecución de Sentencia* acompañada de dos cheques de gerente dirigidos al Secretario del TPI, ambos por la cantidad de $29,975.00 para un total de $59,950.00.[4] En la moción mencionada, los recurridos explicaron que a la cantidad determinada por el tribunal en la *Sentencia Enmendada Duplicada* le restaron las rentas adeudadas desde que se emitió la sentencia hasta la fecha de presentación de la moción. Ello fue un total de $8,060.00. También notificaron que dicho descuento pudiese aumentar dependiendo de la fecha en que se hiciera

---

[1] Apéndice del recurso, Anejo 18.
[2] Véase KLAN202400067. Dicho recurso fue desestimado por falta de jurisdicción ya que no le había notificado del mismo a las partes en rebeldía del caso.
[3] Apéndice del recurso, Anejo 20.
[4] Apéndice del recurso, Anejo 21.

entrega de la propiedad en cuestión. De igual manera, el 23 de septiembre de 2024, los recurridos también presentaron una *Moción Sobre Entrega Material del Inmueble*.[5] Al día siguiente, 24 de septiembre de 2024, el tribunal de instancia emitió una *Orden* donde requirió la entrega del inmueble.[6] La peticionaria presentó su oposición al respecto[7] y la orden fue puesta en suspenso por el foro primario.[8]

Posteriormente, el 16 de mayo de 2024, los recurridos consignaron ante el tribunal la cantidad de dinero retenida adicionalmente por concepto de rentas dejadas de percibir luego del mes de diciembre de 2023.[9] Luego de la oposición de la peticionaria, el TPI emitió una *Resolución* en torno a la controversia post-sentencia.[10] En esta dictaminó que los recurridos ejercieron oportunamente la segunda alternativa que estableció la *Sentencia Enmendada Duplicada*, por lo que no era necesario vender la propiedad en pública subasta. En su decisión también razonó lo siguiente:

> Los argumentos en cuanto a la cantidad de dinero y el término en que se consignó la cantidad final parecen ser una excusa para mantener este litigio en los tribunales. Estando consignado en el Tribunal la cantidad completa y el ejercicio de la opción dentro del término, este asunto se vuelve académico. **No procede la venta de la propiedad porque a la fecha en que la parte demandante y la codemandada solicitaron la ejecución de la sentencia tenían vigente la alternativa de depositar lo que correspondía a los demandados.**
>
> […]
>
> **Es de suma importancia mencionar que la Sra. Burgos sigue en posesión de una casa de la cual no es dueña, sin pagar suma alguna por el uso de esta y sobre la cual este Tribunal ha ordenado previamente que entregara.** Recordemos que las controversias sometidas, litigadas y decididas por un Tribunal dentro de una causa deben respetarse como finales. *Rodríguez Ocasio v. ACAA*, 197 DPR 852, 864 (2017).[11] (Énfasis nuestro.)

Oportunamente la Sra. Burgos Rivera presentó una *Moción en Solicitud de Reconsideración a Resolución del 22 de septiembre de 2025*.[12]

---

[5] Apéndice del recurso, Anejo 24.
[6] Apéndice del recurso, Anejo 25.
[7] Apéndice del recurso, Anejo 26.
[8] Apéndice del recurso, Anejo 27.
[9] Apéndice del recurso, Anejo 33.
[10] Apéndice del recurso, Anejo 2.
[11] *Id.*, pág. 4.
[12] Apéndice del recurso, Anejo 37.

Esta fue declarada No Ha Lugar. Inconforme con lo anterior, la peticionaria acude ante nosotros mediante el recurso de epígrafe y plantea los siguientes señalamientos de error:

> **PRIMER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ENMENDAR, SIN AUTORIDAD, LA EJECUCIÓN DE LA SENTENCIA ENMENDADA DUPLICADA DEL 13 DE SEPTIEMBRE DE 2023, SIENDO FINAL Y FIRME DESDE EL 22 DE AGOSTO DE 2024, CUANDO VALIDÓ UNA CONSIGNACIÓN INEFICAZ MEDIANTE RESOLUCIÓN DEL 22 DE SEPTIEMBRE DE 2025, EN ABIERTO INCUMPLIMIENTO CON LAS DISPOSICIONES DEL ARTÍCULO 1132 DEL CÓDIGO CIVIL.

> **SEGUNDO ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARSE A NOTIFICAR LA RESOLUCIÓN DEL 22 DE SEPTIEMBRE DE 2025 A LOS CODEMANDADOS CONTRA LOS CUALES SE DICTÓ SENTENCIA EN REBELDÍA DEBIDO A SU DETERMINACIÓN ENMENDÓ LOS TÉRMINOS DISPUESTOS EN LA SENTENCIA ENMENDADA DUPLICADA DEL 13 DE SEPTIEMBRE DE 2023.

Mediante *Resolución*, concedimos término a los recurridos para presentar su posición respecto a la petición de *certiorari* presentada y estos comparecieron dentro del periodo establecido mediante escrito titulado *Escrito en Oposición a la Expedición del Auto de Certiorari (Regla 37 del Reglamento del Tribunal de Apelaciones)*. En este arguyen que los requisitos para realizar una consignación al amparo del Artículo 1132 del Código Civil no aplicaban a la situación de hechos pues no se trataba de una deuda entre las partes que surgió de un contrato, sino que simplemente se estaba ejecutando una sentencia. Además, aducen que las Reglas de Procedimiento Civil no exigen que una resolución sea notificada a partes con anotaciones de rebeldía por nunca haber comparecido al pleito. Al contar con el beneficio de la comparecencia de ambas partes, resolvemos.

## II

### A

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior". *Rivera et al. v. Arcos Dorados*, 212 DPR 194, 207 (2023), que cita a *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012). Se trata

de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). Particularmente, en cuanto al *certiorari* para revisar dictámenes interlocutorios del foro primario, en su parte pertinente, la Regla 52.1 dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […] 32 LPRA Ap. V, R. 52.1.

Así pues, a este foro intermedio le corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari*. Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que auscultar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de alguno de los asuntos establecidos en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari*. En aquellos casos en los que el asunto no esté comprendido dentro de la norma, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente. Superada esta etapa, analizamos si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. Como se sabe, la Regla 40 establece los criterios que debemos tomar en

consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

    A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

    C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

    D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

    E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

A su vez, los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción". *Meléndez v. Caribbean Int´l News*, 151 DPR 649, 664 (2000).

Finalmente, es norma reiterada que al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. A su vez, los foros apelativos no debemos intervenir con las decisiones de los tribunales de instancia, "salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que [la]

intervención en esa etapa evitará un perjuicio sustancial". *Lluch v. España Service Sta.*, *supra*, pág. 745.

**III**

La Sra. Burgos Rivera comparece ante nosotros y alega que el TPI abusó de su discreción, y por tanto erró en derecho, con lo resuelto en la *Resolución* emitida el 22 de septiembre de 2025. En específico plantea que avaló una consignación que se realizó sin cumplir con los requisitos establecido en el Código Civil para ello y que esto se tradujo a enmendar sin autoridad los términos previamente establecidos para ejecutar la sentencia en cuestión. También adujo que la *Resolución* emitida post-sentencia era invalida porque no se le notificó de la misma a las partes en rebeldía del caso.

En atención al análisis que como tribunal revisor debemos llevar a cabo para determinar si expedimos o no un auto de *certiorari*, primero debemos analizar si los asuntos planteados por los peticionarios en su recurso versan sobre alguna de las materias contempladas en la citada Regla 52.1 de Procedimiento Civil, *supra*. La contestación a esa interrogante es en la negativa. En segundo lugar, debemos evaluar la controversia ante nosotros a la luz de los criterios contenidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Así, luego de evaluar el expediente somos del criterio de que con su determinación el foro recurrido no incurrió en un error que amerite nuestra intervención. En efecto la consignación en cuestión es un medio para ejecutar una sentencia dictada que ha advenido final y firme, no nace de una obligación contractual entre las partes. A ello añadimos que los términos establecidos en la *Sentencia Enmendada Duplicada* para llevar a cabo lo ordenado no son de carácter jurisdiccional y el foro primario ostenta discreción, y sobre todo autoridad, para modificarlos si lo considera necesario. Los recurridos inicialmente consignaron una cantidad errónea ante el tribunal por aducir equivocadamente que podían deducir rentas más allá de las establecidas por el tribunal. Sin embargo, este error fue rectificado mediante la *Moción*

presentada el 16 de mayo de 2024. El tribunal aceptó dicha cantidad, pues posee autoridad para prorrogar los términos establecidos por sí mismo, ya que son de estricto cumplimiento para las partes. En cuanto a la notificación de la decisión a las partes en rebeldía, las Reglas de Procedimiento Civil son patentes al respecto y no es necesaria.

A la luz de lo anterior, reiteramos que no encontramos nada que nos lleve a concluir que con su determinación el TPI erró o que actuó con prejuicio o parcialidad. Por ello, no ejercernos nuestra función modificadora y, en el ejercicio de nuestra discreción, denegamos la expedición del auto de *certiorari*.

**IV**

Por lo anteriormente expuesto, denegamos expedir el auto de *certiorari* solicitado.

**Notifíquese.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones